Harry Clester **HARKINS**, Appellant,

v.

The **STATE** of Texas on Behalf of **Glenda Rose MASON**, Appellee.

No. A14–88–529–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 22, 1989.

Phillip P. Mabry, Houston, for appellant.

Doretha Smith Henderson, Michael Mankins, Houston, for appellee.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## CORRECTED OPINION

CANNON, Justice.

This is an appeal from the denial of Harry Clester Harkins' motion for summary judgment and from the granting of the motion filed by the State of Texas on behalf of Glenda Rose Mason. The motion was for contempt and for involuntary assignment of earnings due to Mr. Harkins' failure to pay child support pursuant to modification order signed April 9, 1976. Appellant raises two points of error. We reverse and render.

The parties were divorced pursuant to a decree entered on July 30, 1965, in the Court of Domestic Relations of Harris County, Texas. The mother, Glenda Rose Mason, was awarded custody of the couple's four children: Rebekah Rose (born 12/7/56), Larry Duke and Lorie Dee (born 1/21/58), and Syleta Faye (born 8/12/59). The court ordered the father, Harry Harkins, to pay child support of $150.00 per month "until the youngest of said children shall reach the age of eighteen years." The 1965 divorce decree also stated that:

It is further found that the eldest child of the parties, the girl, Rebekah Rose Harkins, is presently suffering from an emotional disturbance which would make it unwise for her to be permitted to have

visitation privileges with her father outside of the home of her mother until her condition materially changes, at which time either Plaintiff or Defendant will be free to seek a modification of this order in respect to the rights of said child. This decree became final and was not appealed by either party.

Prior to the youngest child turning eighteen years old, but after Rebekah Rose became eighteen years old, Glenda Rose Mason filed a motion to modify the child support. On April 9, 1976, the Court of Domestic Relations entered an order increasing Mr. Harkin's monthly child support payment to $200.00 for the benefit of both Syleta Faye and Rebekah Rose. Specifically, the court's order stated:

The Court, after hearing the evidence, finds that Rebekah Rose Harkins, a female, born December 7, 1956, is mentally incompetent and is unable to provide for her care and welfare and the Court finds that Harry Clester Harkins, the natural father of said child, is ORDERED to support Rebekah Rose Harkins and Syleta Faye Harkins as follows:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Harry Clester Harkins shall pay to Glenda Rose Mason, $200.00 per month for the support of Rebekah Rose Harkins, a female, born December 7, 1956 and Syleta Fay Harkins, a female, born August 12, 1959, payable at $100.00 on the 1st of each month and $100.00 on the 15th of each month, with the first payment beginning on March 15, 1976 and a like payment on the 1st and 15th of each month until further orders of the Court. The Court specifically ORDERS that Harry Clester Harkins is to pay $200.00 per month until further evidence is brought to the Court that neither party has a legal duty to support Rebekah Rose Harkins, and further that Harry Clester Harkins is to make said $200.00 payments until medical evidence is presented to this Court declaring Rebekah Rose Harkins competent.

This modification order became final and was not appealed by either party. The

record shows that appellant has not made any child support payments as mandated in the 1976 order. In 1987, after receiving an assignment of Rebekah Harkin's rights to child support, the State of Texas through the Attorney General of Texas, filed a Motion for Contempt and for Involuntary Assignment of Earnings against Mr. Harkins. The State's motion, as amended, sought an order of contempt and payment of approximately $28,000 in child support arrearages and for attorney's fees. Mr. Harkins filed a Motion for Summary Judgment, alleging the court had no jurisdiction to enter the 1976 Order because Rebekah was over the age of 18 at the time the Order was entered. The trial court overruled appellant's summary judgment motion. After a hearing was held, Mr. Harkins was found in contempt and ordered to pay arrearages of $25,100 and was ordered to make future child support payments of $200.00 a month. The arrearage judgment was ordered to be paid on a $100.00 per month basis.

Appellant's first point of error contends that the trial court erred in failing to grant his motion for summary judgment. We cannot consider this point of error.

After a party has moved unsuccessfully for summary judgment and subsequently loses in a conventional trial on the merits, which happened in the instant case, an interlocutory order overruling the summary judgment motion is not reviewable on appeal. *Jones v. Hutchinson County*, 615 S.W.2d 927, 930 (Tex.Civ.App.— Amarillo 1981, no writ). Appellant also contends in this point of error that the actions of the trial court in granting appellee's motion to file a late response to appellant's motion for summary judgment was improper. We disagree. It is entirely within the trial court's discretion to allow the late filing of opposing proof or to consider any late-filed answer prior to the signing of the summary judgment. *Whitexintl Corp. v. Justin Companies*, 669 S.W.2d 875, 877 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.); *Travelers Construction, Inc. v. Warren Brothers Co.*, 613 S.W.2d 782, 785 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). A trial

court abuses its discretion if it acts without reference to any guiding rules and principles or, in other words, acts in an arbitrary, unreasonable manner. *Simon v. York Crane & Rigging Co., Inc.,* 739 S.W.2d 793, 795 (Tex.1987). After review of the record, we find trial court's actions in permitting appellee to file a late response to appellant's motion for summary judgment was not an abuse of the trial court's discretion. Appellant's first point of error is overruled.

■ However, we find the trial court's entry of an order holding appellant in contempt and for involuntary assignment of his wages was in error. The trial court's contempt order and order for involuntary assignment of wages was pursuant to an invalid previous court order. The trial court did not have jurisdiction to enter the 1976 modification order because Rebekah Rose Harkins was over the age of eighteen years when the 1976 modification order was entered and signed by the trial court. Thus, the 1976 modification order is void as contrary to TEX.FAM.CODE ANN. §§ 14.-05, 14.08 (1974). *Red v. Red,* 552 S.W.2d 90, 92 (Tex.1977). Appellant cannot be held in contempt for violating a void order nor can an involuntary assignment of wages be entered due to his non-payment of child support pursuant to the void 1976 modification agreement. *See Saenz v. Sanders,* 241 S.W.2d 316, 318 (Tex.Civ.App.—San Antonio 1951, no writ).

■ Appellee contends that Tex. Const. Art. I § 16 is applicable and precludes the taking of Rebekah Rose Harkin's vested rights to child support beyond the age of minority granted to her within the original 1965 divorce decree and the 1976 modification order. We disagree.

TEX. CONST. ART. I § 16 states:

§ 16. Bills of attainder; ex post facto or retroactive laws; impairing obligation of contracts
Sec. 16. No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts shall be made.

After review of the record, we cannot find the evidence which would support the application of this constitutional article to the facts of the present case. First, the 1965 original divorce decree did not convey a vested right for her to receive child support beyond the age of minority. The original divorce decree's only finding regarding Rebekah Rose Harkins mental or physical capabilities is "that she is presently suffering from an emotional disturbance which would make it unwise for her to be permitted to have visitation privileges with her father outside of the home of her mother until her condition materially changes." This statement does not speak as to Rebekah's physical or mental capability to support herself nor does it provide a basis for child support to be paid to her beyond the age of minority. The 1976 modification decree does not convey a vested right because the language in the decree does not specifically comply with TEX.FAM.CODES §§ 14.05 or 14.08.

Even though Rebekah is a blameless victim of this situation, she cannot be said to have a vested right to child support beyond the age of minority to mandate the application of TEX. CONST. ART. I § 16. *See Alford v. City of Dallas,* 738 S.W.2d 312, 318 (Tex.App.—Dallas 1987, no writ). Appellant's point of error two is sustained.

The judgment of the trial court is reversed and rendered in favor of appellant.