TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00564-CV







Michael A. Jenkins, Appellant



v.



Nebraska Alexander, Jean H. McDonald, Joanie Mitchell, Velma Lee Richardson,


Martha Reed, Lucille Rogers, Bessie Hill,Alberie Johnson, Horace Nichols,


James Nichols, Marie Jones, Sam Tom Clark, Everlina Lipscomb,


Jimmy Brown, and Hallie B. Ward
, Appellees







FROM THE DISTRICT COURT OF BASTROP COUNTY, 335TH JUDICIAL DISTRICT


NO. 21,431, HONORABLE OLIVER S. KITZMAN, JUDGE PRESIDING







 Michael A. Jenkins appeals from the judgment in a trespass-to-try title action
brought against him by appellees. (1) We will affirm the judgment.


THE CONTROVERSY


 The controversy concerns the title and right to possession of a tract of 6.53 acres
of land in Bastrop County. Appellees and Jenkins claim under Evalina Jones who, before her
death, resided with Helen Van Dyke and Jenkins; they were, respectively, Jones's stepdaughter
and grandson. Jones executed a power of attorney in favor of Van Dyke. In 1987, she conveyed
the tract to Jenkins. Jones died intestate in 1989 after a period of time during which appellee
Nebraska Alexander was guardian of her person and estate by appointment of the probate court
of Travis County.

 Certain of the appellees (2) sued Van Dyke, Jenkins, and Alberie Johnson, in a
declaratory judgment action, to set aside as void Van Dyke's deed to Jenkins and to quiet title in
themselves as the heirs at law of Evalina Jones, or as devisees of her heirs at law. The trial court,
following a bench trial, declared the deed void and quieted title in the heirs at law and their
devisees. On appeal, we affirmed that part of the judgment declaring the deed void and reversed
that part of the judgment quieting title. We remanded the reversed part of the judgment "to the
trial court to hear evidence and determine the persons taking the property through Evalina Jones." 
As indicated in our opinion, our reversal and remand rested on the ground that a formal action
in trespass to try title was the exclusive remedy available to the heirs at law concerning their claim
to title. See Jenkins, et al. v. Alexander, et al., No. 03-95-00377-CV (Tex. App.--Austin May 1,
1997) (not designated for publication). The judgment has not been set aside.

 Following remand, appellees filed a second amended original petition in the trial
court to plead a formal action in trespass to try title, omitting certain of the former plaintiffs and
adding others. As a result, all of the appellees now before us were plaintiffs below. (3) Defendants
named in the appellees' second amended original petition were Jenkins, Van Dyke, and Alberie
Johnson. Only Jenkins filed an answer; he represented himself in the proceeding. In an amended
answer, he pled neither a plea of not guilty nor a general denial; he did plead certain "affirmative
defenses," namely: (1) that Van Dyke's deed to him was given for a valuable consideration; (2)
that he had acquired a prescriptive title to the tract by satisfying the requirements of sections
16.024, 16.025, 16.051, and 16.064 of the Texas Civil Practice and Remedies Code; (3) fraud
on the part of Alexander and "the heirs" in filing fraudulent affidavits in the guardianship
proceeding in the Travis County probate court; and (4) a lack of "necessary parties" based on
Alberie Johnson's failure to appear in the cause after being named as a defendant and served with
citation.

 The cause was tried on the amended pleadings and without a jury. The trial court
rendered the judgment we now review in the present appeal. The judgment awards title and
possession to the heirs at law of Evalina Jones as follows:


Nebraska Alexander (1/5th undivided interest)

Jean H. McDonald (1/20th undivided interest)

Joanie Mitchell (1/20th undivided interest)

Velma Lee Richardson (1/20th undivided interest)

Martha Reed (1/20th undivided interest)

Lucille Rogers (1/25th undivided interest)

Bessie Hill (1/25th undivided interest)

Alberie Johnson (1/25th undivided interest)

Horace Nichols (1/25th undivided interest)

James Nichols (1/25th undivided interest)

Marie Jones (1/5th undivided interest)

Sam Tom Clark (1/20th undivided interest)

Everlina Lipscomb (1/20th undivided interest)

Jimmy Brown (1/20th undivided interest)

Hallie B. Ward (1/20th undivided interest)



 The judgment is accompanied by findings of fact and conclusions of law to the
following effect: (1) the named individuals are the heirs at law of Evalina Jones and own the
undivided interests indicated; (2) Evalina Jones was the common source of the competing titles
claimed by the litigants; (3) the evidence of heirship was undisputed; (4) under our previous
judgment and opinion, the only issue to be tried on remand "was to determine the true heirs at law
of Evalina Jones"; and (5) the affirmative defenses pled by Jenkins and his motions to transfer
venue, to dismiss the cause for want of jurisdiction, for summary judgment, and to abate the cause
were precluded by our judgment and opinion in the previous appeal.


DISCUSSION AND HOLDINGS


 We will discuss below Jenkins's five assignments of error as he characterizes them
and in light of our understanding of his arguments thereunder. We should first point out,
however, that Jenkins's failure to file either a general denial or a plea of not guilty had the effect
of establishing a prima facie case that appellees were entitled to judgment for title and possession
unless Jenkins established one of his affirmative defenses. See Cox v. Olivard, 482 S.W.2d 682,
685-86 (Tex. Civ. App.--Dallas 1972, writ ref'd n.r.e.); Taylor v. Guillory, 439 S.W.2d 362, 365
(Tex. Civ. App.--Houston [1st Dist.] 1969, no writ); Brinkley v. Brinkley, 381 S.W.2d 725, 727
(Tex. Civ. App.--Houston 1964, no writ); Love v. McGee, 378 S.W.2d 96, 96-98 (Tex. Civ.
App.--Texarkana 1964, writ ref'd n.r.e.). Nothing concerning title or possession was tried by
consent; the evidence was limited to determining the heirs at law of Evalina Jones. Jenkins
offered no evidence to support his affirmative defenses, although he did offer evidence to impeach
appellees' two witnesses on certain collateral matters. The two witnesses gave testimony
establishing the blood relationship of the various appellees to Evalina Jones, who died a widow
without children. We turn then to Jenkins's assignments of error as we understand them to be.

 "The statue of limitations was applicable." Under this heading, Jenkins refers to
three statutes found in Chapter 16 of the Texas Civil Practice and Remedies Code. The first is
found in section 16.025, requiring that suits be brought not later than five years after the day a
cause of action accrues to recover real property held in peaceable and adverse possession by
another who cultivates, uses, or enjoys the property, pays taxes thereon, and claims the property
under a duly registered deed. See Tex. Civ. Prac. & Rem. Code Ann. § 16.025 (West 1986). 
In our previous decision in the controversy, we rejected Jenkins' complaint concerning this same
statute and in the second trial he alleged no new facts or legal propositions in that regard. Our
decision on the point therefore remains conclusive under the law-of-the case and limited-remand
doctrines. See Hudson v. Wakefield, 711 S.W.2d 628, 629-30 (Tex. 1986). Moreover, when
Jenkins failed to offer evidence proving the elements set forth in section 16.025, appellees' prima
facie case became conclusive.

 Jenkins complains also regarding the provisions of sections 16.051 and 16.064 of
the Texas Civil Practice and Remedies Code. The former, by its express terms, does not apply
to actions for the recovery of real property and the second has no application here because the trial
court had undoubted jurisdiction. See Tex. Civ. Prac. & Rem. Code Ann. §§ 16.051, .064 (West
1997).

 We overrule Jenkins's first assignment of error.

 "The plaintiffs [appellees] are not the proper parties to sue the defendants [Jenkins,
Van Dyke, and Johnson] for the recovery of the decedent's [Jones's] estate"; and, the Travis
County "[p]robate court proceeded to judgment first and its findings were res adjudicata between
the parties and binding on the [trial] court." Concerning the second proposition, we should say
in the beginning that the judgment and findings of the Travis County probate court were never
introduced in evidence.

 These two assignments of error refer to the following: Alexander in 1987 was
allegedly appointed guardian of the person and estate of Evalina Jones as a person of unsound
mind. On March 9, 1988, the probate court allegedly authorized Alexander, as guardian, to sue
Jenkins and Van Dyke to recover title and possession of the tract for the benefit of Jones. It is
undisputed that Alexander never filed such an action and the guardianship was closed July 24,
1989, on which date the probate court allegedly rendered a "Judgment Declaring Heirship" at
Alexander's behest.

 If we assume evidence was offered regarding the foregoing allegations, we cannot
see how it redounds to Jenkins's benefit or how it shows reversible error. The allegations, if
believed, show only that Alexander was authorized to sue to recover title and possession for
Jones. In the present cause, appellees sue to recover title and possession for themselves, and we
do not see how they are precluded from showing their own title and right to possession by
Alexander's inaction attributable to Jones. The "Judgment Declaring Heirship" to which Jenkins
refers is not in evidence and no complaint is made on appeal that it was tendered and erroneously
excluded. In all events, appellees' right to recover title and possession was established prima facie
unless Jenkins established an affirmative defense that would defeat their claims. We do not
understand how Alexander's inaction and the other matters referred to above can have that effect,
and Jenkins has not attempted to enlighten us in that regard.

 We overrule the assignment of error.

 "Plaintiffs in a trespass to try title suit must possess title sufficient to maintain an
action for the recovery of land." The argument under this truism appears to be the same as that
set forth under the two previous headings, with two exceptions: (1) appellees did not prove record
title by written instruments; and (2) the trial court erred in overruling Jenkins's "no evidence"
motion for summary judgment. The parties agree that Jones was the common source of the titles
claimed by each. Concerning the complaint regarding proof by written documents, we point out
again that appellees were not required to introduce evidence of any kind concerning their right to
title and possession--Jenkins's failure to plead either a general denial or not guilty had the effect
of creating in appellees a prima facie case of title and right to possession.

 The substance of Jenkins's pretrial motion for summary judgment was simply
"[t]here is no evidence supporting [appellees'] claim of title through common source." We
observe initially that the pleadings in the cause by both parties allege facts showing that each
claims under Jones, Jenkins by his deed from Van Dyke and appellees as Jones's heirs at law. 
The matter is in truth undisputed. Moreover, appellees did not themselves move for and recover
summary judgment. Jenkins suggests no basis for avoiding the general rule "that after a party has
moved unsuccessfully for summary judgment and subsequently loses in a conventional trial on the
merits, as in this case, an interlocutory order overruling the summary judgment motion is not
reviewable on appeal." Pennington v. Gurkoff, 899 S.W.2d 767, 768-69 (Tex. App.--Fort Worth
1995, writ denied).

 We overrule the assignment of error.

 "The [appellees] have intentionally committed fraud by knowingly filing fraudulent
instruments and giving perjured testimony in regards to the ownership of the real property that
should not have been included in the inventory of the decedent's [Jones's] estate." Apparently,
Jenkins contends that the disputed tract was included in an inventory and appraisement of Jones's
estate. It is not clear whether this refers to Alexander's guardianship or to an intestacy proceeding
following Jones's death. No instruments from the latter are in evidence; only a copy appointing
Alexander guardian is in evidence from the earlier probate proceeding. At any rate, Jenkins
contends that Alexander "intentionally omitted" from some inventory and appraisement "the fact
that she did not recover the land in dispute . . . and that Mr. Jenkins was in possession of the
property when Mrs. Jones died."

 We do not understand how any fraudulent omission in either of the probate
proceedings mentioned, had such proceedings and fraud been shown by evidence, could prejudice
Jenkins in the present cause where he was faced with a prima facie case and failed to adduce
evidence of a defensive matter sufficient to defeat that case. Moreover, Van Dyke's deed to
Jenkins, under a power of attorney given by Jones while she was alive, was held to be void in our
previous decision, necessitating that he prove a limitations title after remand; and he offered no
evidence in that regard as indicated previously.

 Jenkins also argues under the same heading that appellees fraudulently alleged the
present action solely for the purpose of maintaining venue in Bastrop County. Apparently, this
refers to Jenkins's motion to transfer venue. In any case, it is undisputed that the land lay in
Bastrop County. Venue was not only proper in that county, it was mandatory. See Tex. Civ.
Prac. & Rem. Code Ann. § 15.011 (West Supp. 1999).

 We overrule the assignment of error.

 Finding no reversible error, we affirm the trial court judgment.



 

 John E. Powers, Justice

Before Justices B. A. Smith, Yeakel and Powers*

Affirmed

Filed: September 10, 1999

Do Not Publish






* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Appellees in the present appeal are Nebraska Alexander, Lucille Rogers, Hallie B.
Ward, Sam Tom Clark, Evalina Lipscomb, Horace Nichols, James Nichols, Marie Jones, Bessie
Hill, Alberie Johnson, Jean H. McDonald, Velma Lee Richardson, Martha Reed, and Jimmy
Brown. See fn. 2 infra.
2. Appellees who were parties in the former appeal, and who brought the action for
declaratory judgment, were Nebraska Alexander, Lucille Rogers, Hallie B. Ward, Sam Clark,
Evalina Lipscomb, Horace Nichols, James Nichols, Marie Jones, Bessie Lee Hill, Jeraline
Thornton, and Willie L. Road. Following remand of the cause in the former appeal, Thornton
and Roach were omitted from an amended petition; and, the amended petition added as plaintiffs
Jean H. McDonald, Joanie Mitchell, Velma Lee Mitchell, Martha Reed, and Jimmy Brown. We
cannot account for the various spellings of names in the notice of appeal, the pleadings, and the
briefs.
3. See fns. 1 and 2, supra.



a party has
moved unsuccessfully for summary judgment and subsequently loses in a conventional trial on the
merits, as in this case, an interlocutory order overruling the summary judgment motion is not
reviewable on appeal." Pennington v. Gurkoff, 899 S.W.2d 767, 768-69 (Tex. App.--Fort Worth
1995, writ denied).

 We overrule the assignment of error.

 "The [appellees] have intentionally committed fraud by knowingly filing fraudulent
instruments and giving perjured testimony in regards to the ownership of the real property that
should not have been included in the inventory of the decedent's [Jones's] estate." Apparently,
Jenkins contends that the disputed tract was included in an inventory and appraisement of Jones's
estate. It is not clear whether this refers to Alexander's guardianship or to an intestacy proceeding
following Jones's death. No instruments from the latter are in evidence; only a copy appointing
Alexander guardian is in evidence from the earlier probate proceeding. At any rate, Jenkins
contends that Alexander "intentionally omitted" from some inventory and appraisement "the fact
that she did not recover the land in dispute . . . and that Mr. Jenkins was in possession of the
property when Mrs. Jones died."

 We do not understand how any fraudulent omission in either of the probate
proceedings mentioned, had such proceedings and fraud been shown by evidence, could prejudice
Jenkins in the present cause where he was faced with a prima facie case and failed to adduce
evidence of a defensive matter sufficient to defeat that case. Moreover, Van Dyke's deed to
Jenkins, under a power of attorney given by Jones while she was alive, was held to be void in our
previous decision, necessitating that he prove a limitations title after remand; and he offered no
evidence in that regard as indicated previously.

 Jenkins also argues under the same heading that appellees fraudulently alleged the
present action solely for the purpose of maintaining venue in Bastrop County. Apparently, this
refers to Jenkins's motion to transfer venue. In any case, it is undisputed that the land lay in
Bastrop County. Venue was not only proper in that county, it was mandatory. See Tex. Civ.
Prac. & Rem. Code Ann. § 15.011 (West Supp. 1999).

 We overrule the assignment of error.

 Finding no reversible error, we affirm the trial court judgment.



 

 John E. Powers, Justice

Before Justices B. A. Smith, Yeakel and Powers*

Affirmed

Filed: September 10, 1999

Do Not Publish






* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Appellees in the present appeal are Nebraska Alexander, Lucille Rogers, Hallie B.
Ward, Sam Tom Clark, Evalina Lipscomb, Horace Nichols, James Nichols, Marie Jones, Bessie
Hill, Alberie Johnson, Jean H. McDonald, Velma Lee Richardson, Martha Reed, and Jimmy
Brown. See fn. 2 infra.
2. Appellees who were parties in the former appeal, and who brought the action for
declaratory judgment, were Nebraska Alexander, Lucille Rogers, Hallie B. Ward, Sam Clark,
Evalina Lipscomb, Horace Nichols, James Nichols, Marie Jones, Bessie Lee Hill, Jeraline
Thornton, and Willie L. Road. Following remand of the cause in the former appeal, Thornton
and Roach were omitted from an amended petition; and, the amended petition added as plaintiffs
Jean H. McDonald, Joanie Mitchell, Velma Lee Mitc