**Affirmed in Part, Reversed and Remanded in Part, and Majority and Dissenting Opinions filed March 24, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00718-CV

---

## IN THE INTEREST OF C.D.B., A MINOR CHILD

---

**On Appeal from the 247th District Court
Harris County, Texas
Trial Court Cause No. 1995-25890**

---

# DISSENTING OPINION

Petitioner's pleading may be construed as a request for modification of a prior child-support order, or as an affirmative claim for reimbursement irrespective of whether the petitioner is in arrears. Under either scenario, binding precedent dictates that the trial court lacked jurisdiction over the pleading. If the respondent had filed a motion for enforcement of child support, the trial court would have had jurisdiction to consider a counterclaim, offset, or affirmative defense by the petitioner under Family Code section 157.008. Nonetheless, the record reflects that the respondent did not file a motion for enforcement of child support, and the petitioner's pleading may not be construed as a counterclaim, offset, or affirmative

defense under that statute. Therefore, the trial court properly dismissed the petition for lack of jurisdiction.

**Under binding precedent, the trial court lacked jurisdiction over the respondent's request for modification of the trial court's prior child-support order and his affirmative claim for reimbursement.**

As pertinent to the facts in today's case, a trial court may order either or both parents to support a child until the child is 18 years of age or until the child graduates from high school, whichever occurs later.[1] *See* Tex. Fam. Code Ann. § 154.001(a) (West, Westlaw through 2013 3d C.S.). The Supreme Court of Texas and this court have held that a trial court lacks jurisdiction to modify a child-support order after the trial court has lost jurisdiction to render an original child-support order.[2] *See Red v. Red*, 552 S.W.2d 90, 92 (Tex. 1977) (holding that trial court lacked jurisdiction to modify a child-support order because the child was more than 18 years of age and thus the trial court lacked jurisdiction to render an original child-support order under the statutory predecessor to Family Code section

---

[1] Special provisions apply when a child is emancipated, dies, or is disabled, but those provisions do not apply in today's case. *See* Tex. Fam. Code Ann. § 154.001(a) (West, Westlaw through 2013 3d C.S.).

[2] Family Code section 155.003 provides that, except as otherwise provided by that statute, a court with continuing, exclusive jurisdiction may exercise its jurisdiction to modify its order regarding child support. *See* Tex. Fam. Code Ann. § 155.003 (West, Westlaw through 2013 3d C.S.). The exceptions listed in section 155.003 are not tied to the child reaching 18 years of age, graduating from high school, or to any of the other matters listed in section 154.001(a). *See id.* §§ 154.001(a), 155.003. In addition, Family Code section 156.002 provides that a party may file a suit for modification in a court with continuing, exclusive jurisdiction. *See* Fam. Code Ann. § 156.002(a) (West, Westlaw through 2013 3d C.S.). And, under Family Code Chapter 155, there is no provision connecting the loss of continuing, exclusive jurisdiction to a child reaching 18 years of age, graduating from high school, or to any of the matters listed in section 154.001(a). *See id.* §§ 154.001(a), 155.001, *et seq.* Nonetheless, notwithstanding the existence of predecessor statutes substantially similar to section 155.003 and section 156.002(a), the Supreme Court of Texas held that a trial court lacks jurisdiction to entertain a request for modification of a child-support order if the trial court no longer may render an original child-support order. *See Red*, 552 S.W.2d at 92. *See also Harkins*, 773 S.W.2d at 404 (following *Red*). Thus, this court is bound by the precedent. *See Red*, 552 S.W.2d at 92; *Harkins*, 773 S.W.2d at 404.

154.001(a)); *Harkins v. Mason*, 773 S.W.2d 401, 404 (Tex. App.—Houston [14th Dist.] 1989, no pet.) (following *Red*). Because the relevant statutes have not been changed substantially, this court is bound, by both *Red* and *Harkins*, to hold that the trial court lacked jurisdiction over Brent's petition to modify the child-support order if the trial court did not have the power to render an original child-support order under section 154.001. *See Red*, 552 S.W.2d at 92; *Harkins*, 773 S.W.2d at 404.

Brent acknowledges that C.D.B. turned 18 and graduated from high school before he filed this suit. Thus, the trial court did not have jurisdiction to render an original child-support order. *See* Tex. Fam. Code Ann. § 154.001(a). Accordingly, under the holdings of *Red* and *Harkins*, the trial court lacked jurisdiction over Brent's petition to the extent Brent made an affirmative claim for reimbursement (irrespective of whether he was in arrears) or to the extent he sought to modify the prior child-support order.[3] *See Red*, 552 S.W.2d at 92; *Harkins*, 773 S.W.2d at 404.

**The record reflects that the respondent did not file a motion for enforcement of child support or a claim for arrearages, and the petitioner's pleading may not be construed as a counterclaim, offset, or affirmative defense under Family Code section 157.008.**

In section B of its analysis, the majority concludes that part of Brent's petition may be construed as a counterclaim or offset to either a motion for enforcement of child support by Mays or to her "claim for arrearages." The

---

[3] Though not necessary to decide the issues in today's case, the majority concludes that when C.D.B. turned 18 in July 2012, the trial court's child-support order "terminated." *See ante* at p. 3. Brent's obligation to make further periodic child-support payments may have terminated at this time, but the child-support order did not terminate. Indeed, the record reflects that an arrearage existed in July 2012 that Brent did not fully extinguish until March 1, 2013. If the child-support order had terminated in July 2012, then Brent would no longer have been under any obligation to pay this arrearage. Instead, even after July 2012, Brent still was obligated to pay the child support ordered by the court; that order did not terminate.

3

majority concludes that the trial court has jurisdiction over this part of Brent's petition.

Section 157.005(b) provides that a trial court retains jurisdiction to confirm the total amount of child-support arrearages if a motion for enforcement requesting a cumulative money judgment is filed. *See* Tex. Fam. Code Ann. § 157.005(b) (West, Westlaw through 2013 3d C.S.). The majority determines that the trial court retained jurisdiction under section 157.005(b) because, under Family Code section 157.008, Brent's petition may be construed as a counterclaim or offset against the non-existent motion to enforce. Section 157.008 allows a child-support obligor to raise the affirmative defense of voluntary relinquishment in response to an obligee's motion for enforcement of child support. *See* Tex. Fam. Code Ann. § 157.008(a) (West, Westlaw through 2013 3d C.S.). This statute also provides that "[a]n obligor who has provided actual support to the child during a time subject to an affirmative defense under this section may request reimbursement for that support as a counterclaim or offset *against the claim of the obligee*." Tex. Fam. Code Ann. § 157.008(d) (emphasis added). Even so, section 157.008 does not allow the obligor to seek reimbursement in the absence of a motion for enforcement of child support. *See* Tex. Fam. Code Ann. § 157.008; *In re A.M.*, 192 S.W.3d 570, 574 (Tex. 2006).

Though the majority acknowledges that the record does not contain a motion for enforcement of child support, the majority concludes that nothing in the record negates that such a motion was filed.[4] In fact, several items in the record show that

---

[4] At one point in its opinion, the majority states that whether Mays is asserting a claim against which Brent may assert a counterclaim or offset is an issue that concerns the merits, rather than an issue that affects the trial court's jurisdiction. *See ante* at p. 8. But, unless there is a motion for enforcement of child support against which Brent may assert a counterclaim, offset, or affirmative defense, the trial court lacks jurisdiction. *See* Tex. Fam. Code Ann. §§ 157.008(b); *In re A.M.*, 192 S.W.3d at 574; *Red*, 552 S.W.2d at 92; *Harkins*, 773 S.W.2d at 404.

4

no such motion was filed.  The record contains a 2009 order in a modification suit, in which the trial court raised the amount of Brent's periodic child-support payment to Mays and ordered income withholding under Family Code chapter 158. *See* Tex. Fam. Code Ann. § 158.001, *et seq*. (West, Westlaw through 2013 3d C.S.).  The record contains Brent's pleading, an original petition filed by Brent on January 11, 2013, in which Brent requests service of citation on Mays. If Brent were asserting defenses or counterclaims in response to a motion for enforcement of child support, he would not request service of citation on Mays.  In his original petition, Brent is the petitioner, and Mays is the respondent. Brent does not state that Mays has filed a motion for enforcement of child support; rather, Brent asserts various affirmative claims for relief against Mays. In addition, Brent states that, in the alternative, he is seeking an offset against any child-support arrearages that Mays claims are due and owing.[5]  But, Mays filed only an answer.  She never asserted any claim against Brent. She never claimed that any child-support arrearages were due and owing.[6]  According to a document that Mays filed in the trial court and the report attached thereto, by the time Mays filed her answer, Brent's arrearages had been extinguished.  For the foregoing reasons, the record reflects that Mays did not file a motion for enforcement of child support, and the substance of Brent's petition is not a counterclaim, offset, or affirmative defense to a motion for enforcement of child support.[7]  Therefore, neither section 157.005(b)

---

[5] The majority concludes that, absent special exceptions, this statement should be construed as an allegation that Mays had filed a motion for enforcement of child support.  *See ante* at p. 8.  Even under a liberal construction, this statement does not constitute an allegation that Mays either had filed a motion for enforcement or that she was asserting a claim for a child-support arrearage.

[6] The majority states that Mays did not dispute Brent's allegation that Mays had a claim for arrearages. *See ante* at p. 7. But, in his petition, Brent did not allege that Mays had a claim for arrearages. Instead, he sought an offset to the extent that Mays asserted a claim for arrearages.

[7] In the alternative, the majority also construes Brent's petition as a counterclaim or offset against a claim by Mays for child-support arrearages. *See ante* at pp. 2, 5, 7. For the same reasons stated above, the substance of Brent's petition is not a counterclaim or offset against a

5

nor section 157.008 provides a basis for the trial court to exercise subject-matter jurisdiction over Brent's petition, which was filed after C.D.B. turned 18 and graduated from high school.[8] *See id.* §§ 157.005(b), 157.008(b), 158.001, *et seq.*, 158.101, *et seq.*[9]

In the alternative, the majority mentions suggestions by Brent that (1) the garnishment of Brent's wages is functionally equivalent to a motion to enforce child support, or (2) Brent was entitled to seek confirmation of the amount of his arrearages so that he may then seek reimbursement and offset. Neither of these propositions provides a basis for invoking the trial court's jurisdiction. Family Code Section 157.002, entitled "Contents of Motion," provides:

> (a) A motion for enforcement must, in order and concise language:
> > (1) identify the provision of the order allegedly violated and sought to be enforced;
> > (2) state the manner of the respondent's alleged noncompliance;

claim by Mays for child-support arrearages.

[8] In any event, even if the record were silent as to whether Mays had filed a motion for enforcement of child support, the result would not change. This court would presume that the trial court took judicial notice of its record and thus judicially knew whether a motion for enforcement had been filed. *See In re K.F.*, 402 S.W.3d 497, 504 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). As the appellant, Brent bore the responsibility for bringing forward a sufficient record to show that the trial court erred in dismissing his petition for lack of jurisdiction. *See Aduli v. Aduli*, 368 S.W.3d 805, 819 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Texas Rule of Appellate Procedure 34.5 requires that the record include all pleadings on which the trial was held. *See* Tex. R. App. P. 34.5(a)(1). Brent did not request that the clerk include a copy of any motion for enforcement of child support. If a motion for enforcement had been filed and was merely missing from our record, we would presume the missing portion of the record supports the trial court's decision and thus that Mays did not file a motion for enforcement of child support. *See Aduli*, 368 S.W.3d at 819.

[9] The majority also relies upon Family Code section 157.269, which provides that a court that renders an order for the payment of child support retains jurisdiction to enforce the order. *See* Fam. Code Ann. § 157.269. The power to enforce conferred by section 157.269 does not, however, provide the court with the power to modify a prior child-support order or to grant the obligor reimbursement for prior support paid as a counterclaim or offset against the claim of the obligee. *See Terry v. Terry*, No.12-03-0169-CV, 2003 WL 23097004, at *2 (Tex. App.—Tyler Dec. 31, 2003, no pet.); *see also Red*, 552 S.W.2d at 92; *Harkins*, 773 S.W.2d at 404.

6

(3) state the relief requested by the movant; and

(4) contain the signature of the movant or the movant's attorney.

(b) A motion for enforcement of child support:

(1) must include the amount owed as provided in the order, the amount paid, and the amount of arrearages;

(2) if contempt is requested, must include the portion of the order allegedly violated and, for each date of alleged contempt, the amount due and the amount paid, if any;

(3) may include as an attachment a copy of a record of child support payments maintained by the Title IV-D registry or a local registry . . .

Tex. Fam. Code Ann. § 157.002 (West, Westlaw through 2013 3d C.S.). Though the garnishment of wages might accomplish the same objective as a motion for enforcement of child support, it is not the functional equivalent of it. An obligor may have a claim for child-support arrearages without ever having filed a motion for enforcement of child support. *See* Tex. Fam. Code Ann. §§ 158.001, *et seq.*, 158.101, *et seq.* (West, Westlaw through 2013 3d C.S.). In addition, as reflected in today's case, child support may be withheld from Brent's wages based on an income-withholding order in a modification proceeding, without Mays ever having filed a motion for enforcement of child support. *See* Tex. Fam. Code Ann. §§ 158.001, *et seq.*, 158.101, *et seq.*

Regarding Brent's suggestion that he is entitled to seek confirmation of the amount of his arrearages so that he might then seek reimbursement and offset against this amount, even presuming that Brent otherwise could seek confirmation of the amount of his arrearages, Brent's assertion of such a claim would not give the trial court jurisdiction to decrease the amount of his child-support obligation after C.D.B. has turned 18 and graduated from high school. *See* Tex. Fam. Code Ann. §§ 157.008(b); *In re A.M.*, 192 S.W.3d at 574; *Red*, 552 S.W.2d at 92;

7

*Harkins*, 773 S.W.2d at 404.

**The trial court and this court are not limited to the jurisdictional challenges contained in the plea to the jurisdiction.**

In several places in its analysis, the majority relies on the proposition that the trial court can only dismiss for lack of jurisdiction based upon a ground contained in a plea to the jurisdiction, and that this court's review is thus limited to such grounds. *See ante* at pp. 7–8, 8–9. This proposition is not a correct statement of the law. In dismissing for lack of jurisdiction, the trial court is not limited to the grounds stated in the plea to the jurisdiction. *See Dallas Metrocare Servs. v. Juarez*, 420 S.W.3d 39, 40–41 (Tex. 2013) (holding court of appeals erred in concluding that its review of the trial court's jurisdictional ruling was limited to the grounds stated in the plea to the jurisdiction); *DeWolf v. Kohler*, No. 14-13-00778-CV, 2014 WL 6462363, at *3 (Tex. App.—Houston [14th Dist.] Nov. 18, 2014, no pet.) (holding trial court did not err in dismissing a claim sua sponte for lack of subject matter jurisdiction).

**Conclusion**

The trial court did not have jurisdiction over any part of Brent's petition. Therefore, the trial court did not err in dismissing for lack of jurisdiction, and the trial court's order should be affirmed. Because the court reverses the order in part, I respectfully dissent.

/s/    Kem Thompson Frost
       Chief Justice

Panel consists of Chief Justice Frost and Justices Donovan and Brown (Donovan, J., majority).