192 S.W.3d 570 (2006)
In the Interest of A.M. and B.M., Children.
No. 03-0509.
Supreme Court of Texas.
Argued November 15, 2005.
Decided May 5, 2006.
*571 Amy Vanessa Morales-Knight, Asst. Atty. Gen., Houston, Rhonda Amkraut *572 Pressley, Office of Attorney General, Cynthia Bryant, Deputy Attorney General for Child Support, Barry Ross McBee, Office of Attorney General, Austin, Shawn Casey, Law Office of Shawn Casey, Houston, for Petitioner.
George W. Dana, Attorney At Law, Houston, for Respondent.
Justice MEDINA delivered the Opinion of the Court.
In this case, we must decide under what circumstances a parent, who has been ordered to pay periodic child support, may raise the affirmative defense of Texas Family Code section 157.008 to a suit to collect that support. The statute provides that an obligor parent, who by agreement has possessed a child for periods exceeding court-ordered possession, and who has provided actual support for the child during such period, "may request reimbursement for that support as a counterclaim or offset against the claim of the obligee [parent]." TEX. FAM. CODE § 157.008(d). The court of appeals concluded that this statute provided the obligor both an offset and an affirmative right to reimbursement for periodic child support payments during a period of excess possession, that the obligor did not have to provide an accounting of expenses to receive this relief, and that the Attorney General, as assignee of the obligee parent's right to enforce the child support order, could litigate offsets, but could not defend against an affirmative claim for reimbursement from the obligee. 101 S.W.3d 480. Because we disagree that section 157.008 permits the obligor to obtain both an offset and affirmative reimbursement for the same periodic payment, and further disagree that the Attorney General lacks standing to litigate any part of the defense provided by this statute, we reverse.

I
Catherine Chism and Timothy Mullen were divorced in 1982. Chism was given custody of their two children, A.M. and B.M., and Mullen was ordered to make monthly child support payments of $450 until the children were 18.
In December 1985, Mullen filed a motion to modify custody, and from December 15, 1985, through June 18, 1988, Chism relinquished possession of both children to Mullen. The day before the children returned to live with Chism, the trial court signed an agreed temporary order reducing Mullen's child support to $350 per month, pending determination of the motion to modify custody. The motion to modify was not pursued, however, and the trial court dismissed it for want of prosecution, causing Mullen's child support obligation to revert to $450 per month. On May 20, 1994, Chism again relinquished possession of the older child who thereafter reached emancipation while living with his father. The younger child continued to live with Chism during this period. On October 25, 1997, the younger child turned 18, ending Mullen's support obligation.
Mullen failed to make child support payments to Chism during certain periods. The Office of the Attorney General, as the Title IV-D agency for Texas,[1] obtained an order of assignment of all child support payments and arrearages owed to Chism, and on November 17, 1998, sued Mullen to reduce the unpaid child support to judgment. *573 In defense, Mullen asserted that Chism had voluntarily relinquished control of the children for periods exceeding of court-ordered visitation and that he was therefore entitled to an offset against the Attorney General's claim under section 157.008 of the Family Code. Mullen also filed a "Cross Motion to Reduce Unpaid Child Support to Judgment," seeking reimbursement from Chism for support he provided during the periods of excess possession. Chism did not file a written answer to Mullen's motion, but she did appear at the trial pro se. The trial court took Chism's failure to answer as an admission of allegations in Mullen's cross motion.
During the relevant period, the trial court found that Mullen owed $79,625 in child support and had paid $44,175, leaving a balance of $35,450. The trial court further found that Mullen was entitled to an offset of $26,100, and reimbursement for his support in the amount of $15,196.86, because of his excess possession of the children.[2] Although these findings reflected a net amount due Mullen on his cross motion, the trial court nevertheless affirmed the judgment of the IV-D Court Child Support Master[3] against Mullen in the amount of $2,331, concluding that it reflected "the Master's exercise of discretion not to allow all offsets and credits, and. . . to assess no interest." The Attorney General and Mullen appealed; Chism did not.
The court of appeals reversed, holding that the Attorney General lacked standing to defend Chism against Mullen's claim, and that Chism's failure to file a written answer required that Mullen receive the full offset and reimbursement amounts. 101 S.W.3d 480. The court of appeals concluded that after allowance for these offsets and reimbursements, Mullen should have a net recovery in the amount of $5,846.86 against Chism. The Attorney General and Chism[4] petitioned for our review.

II
The Attorney General complains that the court of appeals erred both in its application of the statute's affirmative defense and in its conclusion that the Attorney General lacked standing to litigate that defense in part. Because the court's conclusion on standing is intertwined with its understanding and application of the statute, we begin with that issue.

A
The Attorney General complains that the court of appeals erred by allowing Mullen more than the defense permitted under section 157.008; i.e., Mullen received both a credit and affirmative reimbursement for each month of excess possession.[5] Mullen, however, contends that *574 this is precisely what the statute requires by providing an affirmative defense in subsection (a) and an affirmative right to relief in subsection (d). TEX. FAM. CODE § 157.008(a), (d). Under Mullen's construction, the statute actually operates to shift the court-ordered support obligation from the obligor to the obligee during voluntary periods of excess possession.
The court of appeals agreed with Mullen, concluding that the statute "authorized the trial court to allow an offset, and reimbursement in amounts equal to the amount of periodic payments previously ordered by the court." 101 S.W.3d at 488 (emphasis added). We, however, disagree that the statute creates both a defense and an affirmative right to collect child support from the obligee. Depending on the circumstances, the obligor may be entitled to an offset, or to affirmative reimbursement, but not to both as to any particular periodic payment.
Section 157.008 of the Family Code[6] is titled, "Affirmative Defense to Motion for Enforcement of Child Support" and sets out the following conditions for asserting the defense: (1) the obligee must have voluntarily relinquished actual possession and control of the child to the obligor; (2) for a period exceeding court-ordered periods of possession and access to the child; (3) during which the obligor must have supplied actual support. Id. § 157.008(a), (b). If these conditions are met, the obligor "may request reimbursement for that support as a counterclaim or offset against the claim of the obligee." Id. § 157.008(d) (emphasis added).
Whether an obligor parent is entitled to an offset or to reimbursement will depend on whether such parent continued to pay the court-ordered support obligation during all or part of the period of excess possession. If support was paid during this period, the obligor must seek reimbursement; if it was not, the obligor must ask for an offset. In either event, section 157.008's reimbursement remedies of offset or counterclaim are alternative, not cumulative. During any particular month, the obligor may be entitled to one or the other, but not both as the court of appeals suggests. Moreover, the statute is purely defensive. It does not grant the obligor an independent right to seek reimbursement for support paid during periods of excess possession, but rather provides for reimbursement "against the claim of the obligee." Id. § 157.008(d). Accordingly, we hold that the court of appeals erred in applying the statute to shift the support obligation from the obligor to the obligee during periods of excess possession.

B
The Attorney General further complains that the court of appeals erred in *575 concluding that he, as assignee of the obligee's support claim, lacked standing to fully litigate all issues raised by the obligor under section 157.008. The court concluded that the Attorney General, while authorized to defend against Mullen's offset claim, lacked standing to defend against Mullen's reimbursement claim, a claim which could only be brought against Chism, the obligee. 101 S.W.3d at 484. The court's views on standing are apparently rooted in its erroneous construction of section 157.008; i.e., that this statute operates to shift the support obligation from the obligor to the obligee during periods of excess possession and creates an independent right in the obligor to sue for reimbursement. Instead, section 157.008 operates only as a defense to a motion to enforce an existing order, albeit a defense with two sides  offset, if support has not been paid to the obligee during a period of excess possession, and affirmative reimbursement, if support has been paid. The Attorney General, as the Title IV-D agency and Chism's assignee, is fully authorized to sue for unpaid child support and defend against any claim that might affect that collection. See TEX. FAM. CODE §§ 102.007, 231.101(a), (b), 231.104(b); In re M.C.R., 55 S.W.3d 104, 107-08 (Tex.App.  San Antonio 2001, no pet.). We therefore disagree with the court of appeals that the Attorney General lacked standing in this matter.

III
The Attorney General also questions the court of appeals' interpretation of the statute's "actual support" requirement. As already discussed, one condition for the statutory defense is that the obligor must have provided actual support during the period of excess possession. In the court of appeals, the Attorney General contended that Mullen could reduce his support obligation only by proof of specific expenditures made on behalf of the children during periods of excess possession and that Mullen had to itemize his expenses to obtain this credit. Because Mullen had not provided evidence of his expenses, the Attorney General contended that no offset could be awarded. During argument in this Court, the Attorney General retreated somewhat from this position, urging that a rough estimate of expenses during a period of excess possession might suffice in lieu of a precise accounting, but the Attorney General did not explain how those estimates should then translate into an offset. Instead, the Attorney General contended that Mullen was not entitled to any offset or reimbursement because he had not provided any evidence of his support.
There is disagreement among the courts of appeals regarding the proof needed to measure "actual support" under section 157.008. Some courts, like the present one, have used the court-ordered support amount to measure the offset, stating that the obligor with actual possession is not required to make an exact accounting of actual expenditures. See, e.g., Beck v. Walker, 154 S.W.3d 895, 905 (Tex.App.  Dallas 2005, no pet.) Other courts have held that the obligor to a more precise accounting. See, e.g., Curtis v. Curtis, 11 S.W.3d 466, 472-74 (Tex.App.  Tyler 2000, no pet.); Buzbee v. Buzbee, 870 S.W.2d 335, 339-41 (Tex.App.  Waco 1994, no writ). Still others have suggested that the level of proof may vary with the circumstances of the case. See Gonzalez v. Tippit, 167 S.W.3d 536, 543 (Tex.App.  Austin 2005, no pet.).
In this case, it was undisputed that Mullen solely supported his son and daughter, and later his son, during the two relevant periods of excess possession. Chism admitted as much at the hearing, testifying that she provided no support to Mullen during these periods; nor was there evidence *576 of support from anyone else during the relevant periods. Thus, the court of appeals could reasonably presume, as it did, that during the period of excess possession Mullen was entitled to equate his monthly child support obligation to the actual support he provided each child. See 101 S.W.3d at 488. On this record, nothing more was required.

* * * * * *
Because the lower courts erred in their respective applications of Texas Family Code section 157.008, we reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings consistent with this opinion.
Justice JOHNSON delivered a concurring and dissenting opinion.
Justice JOHNSON filed an opinion concurring in part and dissenting in part.
I agree with the Court's opinion except as to the portion of Part III that specifies how to calculate the amount of reimbursement or offset to which an obligor is entitled under Texas Family Code § 157.008(d), which provides:
An obligor who has provided actual support to the child during a time subject to an affirmative defense under this section may request reimbursement for that support as a counterclaim or offset against the claim of the obligee.
TEX. FAM. CODE § 157.008(d).
The burden of proof as to the affirmative defense provided by section 157.008 is on the obligor. See id. § 157.006. Thus, an obligor such as Mullen has the burden to prove that he provided "actual support" during a time of excess possession. The obligor can request reimbursement as a counterclaim or offset of "that support" against the claim of the obligee.
The Family Code does not prescribe the quality of proof an obligor must provide as to support provided. See Curtis v. Curtis, 11 S.W.3d 466, 473 (Tex.App.  Tyler 2000, no pet.) (evaluating evidence of canceled checks and documentary evidence as well as testimony of an obligor as to amount of support provided), and cases cited therein; Buzbee v. Buzbee, 870 S.W.2d 335, 339-40 (Tex.App.  Waco 1994, no writ) (holding that the testimony of an obligor as to amount of payments was sufficient evidence to support findings of actual support paid). The Code does, however, plainly provide that the actual support be proved by a preponderance of the evidence. TEX. FAM. CODE § 157.006(b).
I agree with the court of appeals' conclusion that the absence of evidence that Chism or anyone other than Mullen provided support for the children during the time that Mullen had possession of them would allow an inference that Mullen provided some level of actual support for that period of time. I do not agree, as the majority concludes, that the inference of some support allows a second inference, labeled as a presumption, that Mullen provided actual support in the specific amount of his monthly child support obligation. See Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp., 435 S.W.2d 854, 858 (Tex.1968) ("[A] vital fact may not be established by piling inference upon inference."). Nor do section 157.008 and related sections of the Family Code contain any type of presumption similar to that provided for use in rendering the child support order. Compare TEX. FAM. CODE § 157.008 (providing no presumption as to the amount of support) with § 154.125(b) ("If the obligor's monthly net resources are $6,000 or less, the court shall presumptively apply the [statutory] schedule in rendering the child support order.").
Mullen was statutorily obligated to prove the amount of support he provided in order to receive an offset or reimbursement. *577 In my view, Mullen is entitled to offset only the amount of actual support he proved and the trial court found, subject to proper appellate review and limited as provided by statute. See TEX. FAM. CODE § 157.008(d).
NOTES
[1] Title IV-D of the Social Security Act requires states to "provide services relating to the establishment of paternity or the establishment, modification, or enforcement of child support obligations . . . ." 42 U.S.C. § 654(4). The Family Code designates the Attorney General as Texas' Title IV-D agency and sets forth its rights and responsibilities to collect child support. TEX. FAM. CODE §§ 231.001, .0011, .101.
[2] For support provided to both children from December 15, 1985 to June 18, 1988, the trial court awarded Mullen reimbursement at the rate of $450 per month for a total amount of $13,950, and an offset at the rate of $450 per month for a total amount of $13,950. For support provided to the older child from May 20, 1994 to July 20, 1996, the trial court awarded Mullen reimbursement at the rate of $46.18 per month for a total amount of $1,246.86, and an offset at the rate of $450 per month for a total amount of $12,500.
[3] The Family Code allows presiding judges to appoint associate judges to handle Title IV-D matters. TEX.FAM. CODE § 201.101, .104.
[4] Because of the money judgment rendered against her by the court of appeals, Chism filed a separate petition for review in this Court. Her arguments mirror those of the Attorney General.
[5] The trial court apparently concluded that the statutory defense entitled Mullen to receive $450 per month child support from Chism during those months he possessed both children. The trial court did not award Mullen child support for the months he possessed only his son, but neither did the court require Mullen to pay child support during this period of split possession. See note 2 supra.
[6] It provides in pertinent part:

(a) An obligor may plead as an affirmative defense in whole or in part to a motion for enforcement of child support that the obligee voluntarily relinquished to the obligor actual possession and control of a child.
(b) The voluntary relinquishment must have been for a time period in excess of any court-ordered periods of possession of and access to the child and actual support must have been supplied by the obligor.
* * * * * *
(d) An obligor who has provided actual support to the child during a time subject to an affirmative defense under this section may request reimbursement for that support as a counterclaim or offset against the claim of the obligee.
(e) An action against the obligee for support supplied to a child is limited to the amount of periodic payments previously ordered by the court.
TEX. FAM. CODE § 157.008.