IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 07-0919
════════════
 
In re Reza Zandi
 
 
════════════════════════════════════════════════════
On Petition for Writ of Habeas 
Corpus
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
            
The trial court held relator Reza Zandi in contempt for 23 violations of a child support 
order, assessed criminal punishment of 175 days per violation to run 
concurrently, and ordered civil commitment until he paid $90,447.14 arrearage 
plus interest. But the court suspended the commitment on four conditions: that 
Zandi (1) pay Kathleen Marie Richardson, the mother of 
their two children a lump sum of $25,000, (2) make monthly payments of $1,091.29 
on the arrearage, (3) continue monthly child support payments of $1,627.00, and 
(4) appear in court every six months “for review and status hearing.”
            
Before the first status hearing, Zandi moved to 
modify the contempt order. At the hearing, he appeared with counsel and 
testified that his financial situation had worsened so that his support payments 
should be reduced. Richardson conceded that Zandi had 
made the lump-sum and arrearage payments required by the contempt order and 
agreed that he did not owe future support because the children, ages 17 and 15, 
were living with Zandi. But Richardson moved to revoke 
Zandi’s commitment suspension because he had paid only 
$700 in current child support for the six months since the contempt order. Zandi objected that Richardson had not filed a written motion to 
revoke suspension. The court nevertheless revoked suspension. The court of 
appeals denied Zandi’s petition for habeas corpus. On 
Zandi’s petition to this Court, we ordered him 
released on a $500 bond.
“Texas courts have 
consistently held that alleged constructive contemnors are entitled to 
procedural due process protections before they may be held in contempt.” Ex parte Johnson, 654 S.W.2d 415, 
420 (Tex. 
1983). There is “no meaningful distinction between an individual’s rights 
which are at stake in a constructive criminal contempt hearing . . . and those 
at stake in an ordinary criminal trial where confinement is a possible penal 
sanction.” Id. at 
421. “Due process of law requires that the constructive contemnor be 
given ‘full and complete notification’ and a reasonable opportunity to meet the 
charges by way of defense or explanation.” Ex parte Gordon, 584 S.W.2d 686, 688 (Tex. 1979).
            
A motion to revoke criminal probation “must be specific enough to give 
the accused notice of alleged violation of law contrary to conditions of 
probation.” Chacon v. State, 558 S.W.2d 874, 876 (Tex. 
Crim. App. 1977). Similarly, section 157.214 of 
the Family Code provides that a motion to revoke suspension of commitment for 
contempt for failure to pay child support must “alleg[e] specifically that certain conduct of the respondent 
constitutes a violation of the terms and conditions of community supervision.” 
In the present case, no motion was filed to revoke Zandi’s suspension of commitment.
Richardson argues that the 
contempt order’s requirement that Zandi appear at a 
status hearing every six months was sufficient to put Zandi on notice that he would be required to show compliance 
with the conditions of suspension at the status hearing. We disagree. The 
requirement provided no notice at all that allegations of noncompliance would be 
made or what they would be. Richardson also argues that her complaints at 
the hearing were clear. But Zandi was entitled to 
notice in advance of the hearing, and in any event, Richardson’s position was 
not clear. Her counsel stated at the outset that Zandi 
“has made some small effort to make current child support payments, but he has 
not made a number of those, maybe any of them.” Later, Richardson introduced 
records showing that Zandi had made partial child 
support payments (as opposed to arrearage payments) for four of six months and 
none for the other two. But Richardson admitted 
that the children had stayed with Zandi for the two 
months when no support payments were made, and Richardson asserted an offset or reimbursement 
for other support he provided. See Tex. Fam. Code § 157.008(d); In re A.M., 192 S.W.3d 570, 
573-74 (Tex. 
2006). He also testified to his impaired financial 
condition in support of his motion to modify, and it appears that he also argued 
that his condition made it impossible for him to pay more than he had paid, a 
defense to revocation of his commitment suspension. See Tex. Fam. Code § 157.008(c). The trial court 
found that Zandi had failed to make child support 
payments for three months but also stated that child support should be reduced 
to $650 per month (although the reduction does not appear in a written order). 
There was confusion as to whether the evidence and argument related only to 
modification or also to revocation, due in part, at least, to the lack of any 
notice of Richardson’s allegations of noncompliance.
            
The purpose of notice is to apprise the respondent of the allegations he 
faces and provide him time to prepare to respond. Because that notice was 
lacking in this case, the court’s order revoking suspension of commitment must 
be set aside. Accordingly, we grant the petition for habeas corpus, and without 
hearing oral argument, Tex. R. App. P. 52.8(c), order that 
Zandi and his bond are 
discharged.
 
Opinion delivered: May 30, 
2008