

**NUMBER 13-11-00362-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**RICHARD C. LAZARTE,**                                                     **Appellant,**

**v.**

**LOLA MARIE LAZARTE,**                                                     **Appellees.**

**On appeal from the 214th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion by Justice Benavides**

Appellant Richard Lazarte appeals the trial court's child support arrearage judgment following his divorce with appellee Lola Lazarte. By one issue, Richard asserts that the trial court abused its discretion when it determined Richard's child support arrearages without considering his full-time possession of one of the children

during the years in question. We affirm because the trial court did not abuse its discretion.

## I. BACKGROUND[1]

The underlying divorce in this case originated in 2003. At the time, Richard and Lola's two children, J.R.L. and A.R.L., were placed in Lola's full-time possession, with part-time possession to Richard. *See* TEX. FAM. CODE. ANN. § 153.311 (West Supp. 2011). The trial court's initial temporary orders stated that Richard was to pay $800.00 per month in temporary child support beginning on October 1, 2003 until further order of the court. In 2005, the trial court pronounced and rendered amended temporary orders which granted Richard exclusive right to designate primary residence of J.R.L. and left A.R.L.'s custody unchanged. The amended temporary orders were silent on the issue of child support and continued to accrue.

In August 2007, Richard filed an amended petition for divorce which requested, among other things, that (1) Richard be designated conservator with the exclusive right to designate the primary residence of the two children; and (2) that Lola be ordered to pay support for the children. On September 18th and October 2, 2008, the trial court heard the case and made the following pertinent findings of fact:

- It is the best interest of the children (J.R.L. and A.R.L.) to be under the joint managing conservatorship of Richard and Lola;

- That Richard have the right to designate the primary residence for J.R.L.;

- That Lola have the right to designate primary residence for A.R.L.;

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

- That Richard owed $25,022.25 in child support arrears, less any provable amount for child support paid and not credited;

- $3,029.53 should be offset from the arrearage based on direct support paid by Richard reducing Richard's child support arrearage to $21,992.72; and

- That any informal agreement between the parties should not be enforced.

The trial court further ordered in the final decree that Richard is obligated to pay $300.00 per month beginning November 2008 to support A.R.L. and that Lola is obligated to pay nothing to Richard for J.R.L.'s support.[2]

Richard appealed.

## II.    OFFSET OF CHILD SUPPORT ARREAGES

In his sole issue, Richard contends that the trial court abused its discretion by refusing to give him a sufficient offset or reimbursement against a child support arrearage.

## A.    Standard of Review & Applicable Law

We review a trial court's child support order for an abuse of discretion. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam); *Sohocki v. Sohocki*, 730 S.W.2d 30, 31 (Tex. App.—Corpus Christi 1987, no writ).   The test for an abuse of discretion is whether the trial court acted without reference to any guiding rules or principles—that is, whether the act was arbitrary or unreasonable.   *See Worford*, 801 S.W.2d at 109. "The mere fact that a trial judge may decide a matter within his

---

[2] The trial court stated in its Findings of Fact and Conclusions of Law that the amount of per month support ordered varied from the statutory guidelines, *see* TEX. FAM. CODE ANN. § 154.125–.129 (West 2008), because:  (1) Richard and Lola each had primary possession of one child; (2) that Richard's optometry practice had been closed voluntarily, and he was working part-time; (3) the age and needs of the teenage children; (4) the ability of Richard, due to education, experience, and opportunities, to provide in excess of the financial resources available to Lola; (5) business and investment opportunities of Richard, including income-producing properties/opportunities; debts and/or debt service of both parties, including the fact that Richard was in bankruptcy during the pendency of the divorce.

discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985). Under an abuse of discretion standard, legal and factual sufficiency are not independent grounds of error, but are relevant factors in assessing whether the trial court abused its discretion. *In re H.S.N.*, 69 S.W.3d 829, 832 n. 1 (Tex. App.—Corpus Christi 2002, no pet.).

A court shall modify a child support order, upon the motion of a party, if the joint-managing conservator who has the exclusive right to determine primary residence of the child has voluntarily relinquished the primary care and possession of the child. TEX. FAM. CODE ANN. § 156.409(a) (West Supp. 2011). Further, in an enforcement of child support action, it is an affirmative defense in whole or in part that the obligee voluntarily relinquished possession and control[3] of the child to the obligor. *See* TEX. FAM. CODE ANN. § 157.008(a) (West 2008). An obligor who provided support to the child during a time subject to the above affirmative defense may request reimbursement for that support as a counterclaim or offset against the claim of the obligee. *See id.* § 157.008(d); *In re A.M.,* 192 S.W.3d 570, 574 (Tex. 2006) (holding that an obligor may seek either reimbursement if support was paid during the excessive possession, or an offset if it was not paid).

## B.   Discussion

Here, Richard argues that the arrearages entitled him to a larger offset than what the trial court granted because he had possession of J.R.L. during the period in question

---

[3] The voluntary relinquishment must have been for a time period in excess of any court-ordered periods of possession of and access to the child and actual support must have been supplied by the obligor. *See* TEX. FAM. CODE ANN. § 157.008(b).

and paid support. At the final hearing on divorce, Richard requested an offset against any potential arrearage and admitted into evidence a typed itemization of expenses paid by Richard for J.R.L.'s benefit since September 2005, when he gained custody of J.R.L.[4] Richard testified that he compiled the list of expenses from the registry of his checkbook. Based on 37-months of custody at $1,935 per month, Richard requested an offset of $71,595.00 against the initial child support arrearage of $25,022.25.

We recognize that Richard's request for an offset was an affirmative defense against Lola's claim for back child support. See TEX. FAM. CODE ANN. § 157.008(d); *In re A.M.*, 192 S.W.3d at 574. By asserting his affirmative defense, Richard bore the burden of proving the requirements of section 157.008. See TEX. FAM. CODE ANN. § 157.008; *In re A.M.*, 192 S.W.3d at 574. Moreover, Richard did not need an exact accounting of actual expenditures to prove his actual support for periods in excess of court-ordered possession. See id. at 575.

Here, the trial court found that Richard was in arrears in the amount of $25,022.25, was entitled to an offset in the amount of $3,029.53, see TEX. FAM. CODE ANN. 157.008(d), ordered him to pay the remaining child support arrearage of $21,992.72, and reduced monthly child support of $300.00.[5] We hold that the evidence presented by Richard was sufficient to meet his burden of proving the affirmative defense of offset. See *In re A.M.*, 192 S.W.3d at 574. The amount of the offset,

---

[4] Some of the items listed on J.R.L.'s monthly expense sheet included food, allowance, cell phone, health insurance, cable, clothing, special events, and psychological counseling.

[5] Richard further argues that the trial court abused its discretion because it recognized the reduction in monthly child support but did not apply that reduction retroactively to the arrearage dating back to August 2005. See TEX. FAM. CODE ANN. § 156.401(b) (West 2008). We disagree. Section 156.401(b) may apply, within the court's discretion, only to the obligations accruing after the earlier of the date of service of citation or an appearance in the suit to modify. See id.; *In the interest of J.G.Z.*, 963 S.W.2d 144, 149 (Tex. App.—Texarkana 1998, no pet.).

however, was figured within the trial court's role as factfinder. Findings of fact have the same force and dignity as a jury's verdict. *See Amos v. Amos*, 79 S.W.3d 747, 749 (Tex. App.—Corpus Christi 2002, no pet.).[6]

Accordingly, we conclude that the trial court did not abuse its discretion in ordering Richard's offset. *See In re H.S.N.*, 69 S.W.3d at 832 n. 1. Richard's sole issue is overruled.

### III. CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
26th day of July, 2012.

---

[6] The burden was upon Richard to prove the amount of offset he felt entitled during the arrearage period. *See* TEX. FAM. CODE ANN. § 157.008(d). The record indicates that the trial court adopted Lola's accounting and formula, which indicated an initial offset of $1,250.00, which was later increased following the hearing to $3,029.53.

6