**Affirmed in Part, Reversed and Remanded in Part, and Majority and Dissenting Opinions filed March 24, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00718-CV

## IN THE INTEREST OF C.D.B., A MINOR CHILD

**On Appeal from the 247th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1995-25890**

## MAJORITY OPINION

Appellant, Cedrick Brent, appeals the trial court's order dismissing for lack of subject matter jurisdiction Brent's petition requesting several forms of relief relative to a previous child-support order. Because we conclude the trial court had jurisdiction over one such request for relief, we affirm in part and reverse and remand in part.

### I. BACKGROUND

Brent and appellee, Shanda Elaine Mays, are the parents of C.D.B., who was born in July 1994. Mays was appointed managing conservator of the child. Brent

was appointed possessory conservator and ordered to pay child support. The latest order in the record imposing a support obligation was an agreed order in a previous modification suit, signed by the trial court in March 2009. Under that order, Brent was required to pay support of $385.38 semi-monthly until the latter of the child's eighteenth birthday or graduation from high school. It is undisputed that C.D.B. graduated from high school in June 2012 and turned eighteen in July 2012.

In January 2013, Brent filed what he entitled a "Petition to Modify the Parent Child Relationship." Brent alleged that C.D.B. lived with Brent from a point during C.D.B.'s junior year until he graduated high school and Mays voluntarily surrendered custody, but Brent continued to pay child support. As discussed more below, we glean from the body of Brent's petition that he requested three cumulative or alternative forms of relief: (1) direct reimbursement for support he paid during the period that Mays allegedly relinquished custody of C.D.B. to Brent; (2) reimbursement of such payments as a counterclaim to Mays's claim for arrearages or an offset of support provided by Brent during such period against his arrearages; and (3) retroactive support from Mays.

Mays moved to dismiss the petition on the ground that C.D.B. had become emancipated before Brent filed the petition and C.D.B. has no disability and thus the trial court lacked jurisdiction over the petition. The trial court conducted a hearing on the motion to dismiss. On May 16, 2013, the trial court signed an order dismissing the petition on the ground that C.D.B. was emancipated and the court lacked jurisdiction to "modify" its underlying order.

Brent filed a motion for reconsideration. At the conclusion of a hearing, the trial court orally announced that it overruled the motion, but the trial court did not sign any written order; thus, the motion was overruled by operation of law. *See* Tex. R. Civ. App. 329b(c). Brent now appeals from the dismissal order.

## II. STANDARD OF REVIEW

In two interrelated issues, Brent contends the trial court erred by determining it lacked jurisdiction over, and dismissing, his "Petition to Modify." We construe Mays's motion to dismiss as a plea to the jurisdiction challenging Brent's pleadings.[1] When a plea to the jurisdiction challenges the plaintiff's pleadings, the trial court must determine if the plaintiff alleges facts that affirmatively demonstrate the court's jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Whether the plaintiff has met this burden is a question of law that we review de novo. *Id.* We construe the pleadings liberally in favor of the plaintiff, consider the pleader's intent, and accept as true the factual allegations in the pleadings. *Id.* Unless the pleadings "affirmatively negate the existence of jurisdiction," the plea to the jurisdiction should not be granted without allowing the plaintiff an opportunity to amend. *Id.* at 226–27.

## III. ANALYSIS

In his appellate brief, Brent cites authority holding that a Texas court loses continuing exclusive jurisdiction to modify its earlier child support order if the child support order has terminated. *See Moore v. Brown*, 993 S.W.2d 871, 873 (Tex. App.—Forth Worth 1999, pet. denied). Under its own terms, the support order in the present case terminated when C.D.B. became emancipated, which undisputedly occurred before Brent filed his petition. Thus, there was no longer any support order in effect that was subject to modification.

---

[1] We note that Mays attached evidence to her motion to demonstrate C.D.B. had become emancipated. Nevertheless, we construe the motion as challenging Brent's pleadings, rather than the jurisdictional facts; because Brent's petition acknowledged C.D.B. had become emancipated, the crux of the motion to dismiss was a contention that the pleading negated jurisdiction on its face. *See Miranda*, 133 S.W.3d at 226–27 (recognizing plea to the jurisdiction may challenge the pleadings or existence of jurisdictional facts).

Brent contends that, despite the title of his petition, he did not request modification of the support order. We agree that a court considers the substance of a pleading, not merely "the form of title given to it," to determine the nature of the relief sought. *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980); *see In the Interest of A.M.K.*, No. 14–03–01308–CV, 2005 WL 3005636, at *5 (Tex. App.—Houston [14th Dist.] Nov. 10, 2005, pet. denied) (mem. op.) (holding trial court did not err by rendering judgment for child-support arrearages although obligee's pleading was entitled "Motion to Modify" because she included a request for enforcement of arrearages). Liberally construing the substance of Brent's petition, we determine that he requested three different forms of relief, and we address the jurisdictional issue separately for each request. *See Thomas v. Long*, 207 S.W.3d 334, 338–39 (Tex. 2006) (stating it is proper for trial court to dismiss claims over which it lacks subject matter jurisdiction but to retain claims in the same case over which it has jurisdiction).

**A.    Request for Direct Reimbursement**

First, Brent sought "to be reimbursed the overpayment of child support payments made to [Mays] during the time period that she voluntarily relinquished custody of the child . . . to [Brent]." As discussed more below, Brent's petition as a whole may be construed as requesting such reimbursement as a counterclaim against a claim for arrearages. However, reading the above-quoted sentence in isolation, it may also be construed as a request for direct reimbursement irrespective of whether Brent was in arrears.

To the extent Brent made such a request, we construe it as essentially a motion to modify. By requesting reimbursement for support payments made while the child lived with Brent, irrespective of whether Brent was in arrears, Brent sought, in effect, to retroactively modify the support order by eliminating his

4

obligation to Mays for that period. Accordingly, we agree the trial court lacked jurisdiction over such request. Moreover, we conclude that Brent is not entitled to an opportunity to amend because his petition affirmatively negated jurisdiction. *See Miranda*, 133 S.W.3d at 226–27.

**B.    Request for Reimbursement or Offset Relative to Arrearages**

After the above-quoted sentence, Brent pleaded, "Additionally and/ or alternatively, [Brent] is seeking an offset against any and all arrearages in child support payments that [Mays] claims are due and owing based upon the time period that the child the subject of this suit was voluntarily relinquished to [Brent]." Considering both sentences together, we agree with Brent that he requested (1) reimbursement for support he paid during the relinquishment period as a counterclaim against Mays's claim for arrearages, or (2) an offset for support he provided during such period against Mays's claim for arrearages. Therefore, the trial court erred by treating the petition solely as a motion to modify.

On appeal, Brent seems to focus on this requested relief relative to arrearages. Brent cites Family Code provisions governing a trial court's continuing jurisdiction to enforce its child support orders. Section 157.005(b) provides,

> (b) The court retains jurisdiction to confirm the total amount of child support arrearages and render a cumulative money judgment for past-due child support . . . if a motion for enforcement requesting a cumulative money judgment is filed not later than the 10th anniversary after the date:
>> (1) the child becomes an adult; or
>> (2) on which the child support obligation terminates under the child support order or by operation of law.

Tex. Fam. Code Ann. § 157.005(b) ((West, Westlaw through 2013 3d C.S.).

5

Section 157.269 more generally provides,

> A court that renders an order providing for the payment of child support retains continuing jurisdiction to enforce the order, including by adjusting the amount of the periodic payments to be made by the obligor or the amount to be withheld from the obligor's disposable earnings, until all current support and medical support and child support arrearages, including interest and any applicable fees and costs, have been paid.

*Id.* § 157.269 (West, Westlaw through 2013 3d C.S.).

Brent then cites section 157.008 entitled "Affirmative Defense to Motion for Enforcement of Child Support":

> (a) An obligor may plead as an affirmative defense in whole or in part to a motion for enforcement of child support that the obligee voluntarily relinquished to the obligor actual possession and control of a child.
>
> (b) The voluntary relinquishment must have been for a time period in excess of any court-ordered periods of possession of and access to the child and actual support must have been supplied by the obligor.
>
> . . .
>
> (d) An obligor who has provided actual support to the child during a time subject to an affirmative defense under this section may request reimbursement for that support as a counterclaim or offset against the claim of the obligee.
>
> . . .

*Id.* § 157.008 (a), (b), (d) (West, Westlaw through 2013 3d C.S.).

Relying on these provisions, Brent suggests that, because the trial court retained jurisdiction to enforce its support order until all arrearages were paid, although C.D.B. is emancipated, it retained jurisdiction to entertain appellant's request for reimbursement or offset relative to a claim for arrearages. We agree that Mays's plea failed to negate jurisdiction over such request.

6

Mays did not assert a challenge to the jurisdictional facts underlying Brent's request. In her motion to dismiss, Mays did not differentiate between the several forms of relief requested by Brent. Rather, Mays asserted that the trial court lacked jurisdiction over the entire petition because C.D.B. had become emancipated. Thus, Mays did not dispute Brent's allegation that there was a claim for arrearages, and we must accept the allegation as true. *See Miranda*, 133 S.W.3d at 226. Both parties agree that Brent was in arrears when the support order terminated and when he filed his petition and the Attorney General was continuing to garnish his wages to extinguish such arrearages when he filed the petition.[2] Accordingly, we liberally construe his petition as asserting an affirmative defense of offset or counterclaim as to a claim for arrearages.

On appeal, Mays suggests that Brent may not obtain the requested relief because there was no motion to enforce. Mays cites authority holding that the statutory reimbursement or offset is "purely defensive" and does not grant the obligor an independent right to seek reimbursement but rather provides for reimbursement against the 'claim of the obligee.'" *In the Interest of A.M.*, 192 S.W.3d 570, 574 (Tex. 2006) (citing Tex. Fam. Code. Ann. § 157.008(d)). We note there is no motion to enforce by either Mays or the Attorney General in our record. However, nothing in the record negates that such a motion was filed.

---

[2] Mays presented evidence of such garnishment in response to Brent's motion for reconsideration. In that motion, Brent suggested the support order had not terminated because his wages were still being garnished. Mays presented the Attorney General's records to show the reason it continued to garnish wages was not because the order failed to terminate but because there were arrearages. On appeal, Brent acknowledges the arrearages were the reason for the continued garnishment. Further, we note that Mays's comments at the hearing on her motion to dismiss indicate that, despite acknowledging, and even subsequently presenting evidence, that there were arrearages, she contended the trial court lacked jurisdiction because Brent included his request related to the arrearages in a pleading entitled "petition to modify." But, as discussed above, the title does not control in determining the nature of the relief requested. *See Heard*, 603 S.W.2d at 833; *In re A.M.K.*, 2005 WL 3005636, at *5.

Mays's plea to the jurisdiction did not challenge that there was such a motion because she challenged only Brent's request for modification on the ground that the child had been emancipated, and not his request for reimbursement or offset against arrearages. Absent special exceptions, we consider Brent's reference to a "claim" for arrearages as sufficient to mean there was a motion to enforce. Because the trial court retained jurisdiction over such a motion, *see* Tex. Fam. Code Ann. §§ 157.005(b), 157.269, it retained jurisdiction over Brent's request for reimbursement or offset as an affirmative defense or counterclaim.

Alternatively, although not exactly clear, Brent seems to acknowledge on appeal that a motion to enforce was not filed because the Attorney General continued to garnish his wages in order to extinguish the arrearages without the necessity for such a motion. However, even if we consider Brent's assertion as a concession that there was no motion to enforce, he apparently suggests (1) the garnishment of wages is functionally equivalent to such a motion and thus he may seek reimbursement or offset, or (2) he may himself request confirmation of his arrearages so that he may then seek reimbursement or offset. We conclude that the dispute on whether there existed the sort of claim against which Brent may obtain reimbursement or offset concerns the merits of his request. We do not hold that Brent may necessarily obtain such reimbursement or offset absent Mays's having filed a motion enforce. For instance, we do not hold that the garnishment of wages is necessarily the functional equivalent of a motion to enforce. However, Mays's plea to the jurisdiction did not implicate the merits of Brent's request for reimbursement or offset against a claim for arrearages. As mentioned above, Mays's plea was narrowly based on the contention that the trial court lacked jurisdiction to modify Brent's support obligation because the child had been emancipated; the plea did not address Brent's request for reimbursement or offset

8

against a claim for arrearages. Because Brent pleaded for reimbursement or offset against a claim for arrearages, Mays's plea failed to negate the trial court's jurisdiction.

Finally, we note that, after the trial court dismissed the "petition to modify," Brent filed an "Original Petition to Confirm Arrearage Recover/Reimburse Child Support Payments Made." In that petition, Brent requested reimbursement of child support payments he made to Mays after the child was emancipated, confirmation of arrearages, and reimbursement or offset relative to arrearages for support provided during the period Mays allegedly relinquished custody. On appeal, Mays argues that the request for reimbursement or offset relative to arrearages pleaded in the earlier petition has been rendered moot because Brent requested the same relief in his subsequent filing. The mootness doctrine precludes a court from rendering an advisory opinion in a case where there is no live controversy. *Robinson v. Alief Indep. Sch. Dist.*, 298 S.W.3d 321, 324 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). Mays cites no authority that an earlier petition becomes moot merely by virtue of the claimant filing a subsequent suit requesting the same relief. The record does not reflect there has been any ruling on the subsequent petition, much less a ruling granting the exact relief requested in the earlier petition. Consequently, under the current state of our record, the portion of Brent's earlier petition requesting reimbursement or offset relative to arrearages presents a live controversy.

In summary, although the title of Brent's pleading was "Petition to Modify," he requested other relief over which the trial court had jurisdiction.

## C. Request for Retroactive Support

On appeal, Brent advances no argument and substantive analysis challenging the trial court's dismissal of Brent's request for retroactive support from Mays.

9

Therefore, we will uphold that portion of the trial court's ruling. *See* Tex. R. App. P. 38.1(i) (providing appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (stating that, although our court reasonably and liberally construes briefs, appellant must present some specific argument and analysis to show record and law supports contention); *see also Sonic Sys. Int'l, Inc. v. Croix*, 278 S.W.3d 377, 384–85 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (holding appellant waived challenge to summary judgment on certain claims by advancing appellate argument only with respect to a different claim).

Accordingly, we sustain Brent's issues to the extent he challenges the trial court's dismissal of his request for reimbursement or offset relative to a claim for arrearages. We thus reverse the portion of the trial court's order dismissing that request, remand for further proceedings consistent with this opinion, and affirm the remainder of the order.

/s/　　John Donovan
　　　　Justice

Panel consists of Chief Justice Frost and Justices Donovan and Brown. (Frost, C. J. dissenting).