

# NUMBER 13-20-00565-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF D.M.S., A CHILD

**On appeal from the 135th District Court
of Victoria County, Texas.**

## MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Silva
Memorandum Opinion by Justice Silva**

Appellant M.R.G. a/k/a M.R.C. appeals the trial court's order granting appellee D.K.S.'s motion to modify his child support obligations and arrears.[1] By three issues, M.R.C. argues that (1) the trial court committed reversible error by refusing to allow M.R.C. to present evidence; (2) the trial court committed reversible error by granting

---

[1] We refer to the parties and children by aliases in accordance with the family code and rules of appellate procedure. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8, cmt.

D.K.S. both an offset and credit for his child support arrears; and (3) the evidence supporting D.K.S.'s request for attorney's fees was insufficient to support the awarded fees. We affirm.

## I. BACKGROUND

D.M.S. was born on February 22, 2002, to M.R.C., his mother, and D.K.S., his father. Since D.M.S.'s birth, the trial court entered multiple orders granting M.R.C. the right to designate D.M.S.'s residence and requiring D.K.S. to pay child and medical support to M.R.C., with additional orders enforcing the child and medical support payments and confirming D.K.S.'s arrears.

According to D.K.S.'s testimony at trial, D.M.S. began living full-time with D.K.S. in July 2019. Sometime thereafter, the Office of the Attorney General (OAG) filed a lien on some of his property for child and medical support arrears. Although D.K.S. attempted to work with the OAG to modify the support obligations and obtain an offset because D.M.S. was living with him full-time, he received no response or action from the OAG. D.K.S. filed a petition to modify the parent-child relationship on April 10, 2020. D.K.S.'s petition requested the trial court appoint him as the managing conservator with the right to designate D.M.S.'s residence, terminate his support obligations as of July 1, 2019, and award him an offset for the period that D.M.S. lived with him.[2]

On April 24, 2020, the OAG filed a general denial as well as a motion to confirm support arrears, requesting the trial court to confirm and enter a judgment on D.K.S.'s

---

[2] The original petition alleged that the offset should be in the amount of $13,530.00, which represented ten months of child support payments.

arrears which was $16,029.79 in total.[3] M.R.C. filed a general denial on April 28, 2020. On July 31, 2020, the trial court signed an order to stop wage withholding from D.K.S.'s wages.[4] D.K.S. filed an amended petition on August 17, 2020, which included updated figures for the child and medical support arrears. Therein, D.K.S. requested the trial court to find that he overpaid his child support obligation by $5,048.31 but underpaid his medical support obligation by $6,328.65, yielding a total arrears of $1,280.34 as of June 30, 2020. D.K.S. then asked the trial court to find that between July 1, 2020, and August 14, 2020, he paid $2,856.22 despite the termination of his obligation, thus yielding an ultimate overpayment to M.R.C. in the amount of $1,575.88. D.K.S. requested the trial court to order M.R.C. reimburse him for the amount overpaid and pay his attorney's fees in the amount of $4,307.71.

On August 17, 2020, the trial court held a bench trial on the motion to modify.[5] The OAG did not appear at the trial. D.K.S. testified that he and M.R.C. agreed that D.M.S. could live with him beginning in July 2019, based on D.M.S.'s request. D.K.S. further testified that D.M.S. had turned eighteen on February 22, 2020, and graduated high school on May 30, 2020, which should have ended his ongoing support obligations per the controlling order. *See* TEX. FAM. CODE ANN. § 154.006(a) (setting out conditions on which the duty to support terminates). Through his testimony, D.K.S. reaffirmed that the

---

[3] According to the OAG, D.K.S. owed child support arrears in the amount of $2,044.48 and medical support arrears in the amount of $13,985.31.

[4] The record does not indicate whether the order was preceded by a hearing or some other mechanism. However, no objections to the order appear in the record.

[5] M.R.C. did not object to D.K.S. filing his amended petition on the same day as the bench trial.

amounts set out in his amended petition were accurate and asked the trial court to apply his child support overpayments to his medical support arrears and order M.R.C. return any overpaid amounts.

Upon M.R.C.'s cross examination of D.K.S., D.K.S. objected to M.R.C.'s line of questioning, arguing that M.R.C. failed to respond to any of his discovery requests and she should be prohibited from offering evidence defending against his suit. *See* TEX. R. CIV. P. 193.6(a) (prohibiting a party from introducing evidence when it failed to respond to an applicable discovery request); *In re D.W.G.K.*, 558 S.W.3d 671, 683 (Tex. App.—Texarkana 2018, pet. denied) ("[E]xclusion under Rule 193.6 is automatic."). The trial court sustained D.K.S.'s objection but allowed M.R.C. to present a bill of exception. M.R.C. did not offer evidence of good cause for her failure to timely respond or evidence that her failure did not unfairly surprise or prejudice D.K.S. *See* TEX. R. CIV. P. 193.6(a)(1), (2) (allowing a party to present the undisclosed evidence if it demonstrates good cause and lack of unfair surprise and prejudice); *Arshad v. Am. Express Bank, FSB*, 580 S.W.3d 798, 807 (Tex. App.—Houston [14th Dist.] 2019, no pet.) ("The burden of establishing good cause or lack of unfair surprise or unfair prejudice rests on the party seeking to call the witness, and the record must support such findings.").

D.K.S.'s counsel testified that D.K.S. accrued $4,307.71 in court costs and attorney's fees, exclusive of the time spent in trial. His counsel further testified that her hourly rate is $325 per hour and the amount accrued was reasonable and necessary under the circumstances. On cross examination, D.K.S.'s counsel acknowledged that she did not have an itemized bill for the court to review.

4

At the end of D.K.S.'s counsel's testimony, the trial court requested that D.K.S. prepare a proposed order and submit it because it was "probably [] going to rule in [D.K.S.'s] favor but [it] want[ed] to look at th[e] case a little bit more." M.R.C. requested the trial court to reopen evidence, which was denied. M.R.C. then made a "bystander's record" "that the judge walked out without [M.R.C.] being able to offer any evidence." The bystander was not sworn in as a witness.

The trial court signed a final order granting D.K.S.'s requested relief: providing him a credit for the period of possession when D.M.S. resided with him, applying the child support overpayment to the medical support arrears, ordering M.R.C. to return the final amount overpaid to M.R.C., and ordering M.R.C. to pay D.K.S.'s attorney's fees in the amount of $4,307.71. This appeal followed.

## II.    WAIVER

### A.    Applicable Law and Standard of Review

The Texas Rules of Appellate Procedure set out the requirements of an appellant's brief. TEX. R. APP. P. 38.1. Among those requirements is that "[t]he brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *Id.* R. 38.1(i). Appellate courts should reasonably but liberally construe the briefing rules as to avoid waiver of appellate review. *Horton v. Stovall*, 591 S.W.3d 567, 569 (Tex. 2019) (per curiam); *Robb v. Horizon Cmty. Improvement Ass'n, Inc.*, 417 S.W.3d 585, 590 (Tex. App.—El Paso 2013, no pet.).

Although we construe briefing rules liberally, "a party asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law

support its contentions." *In re A.E.*, 580 S.W.3d 211, 219 (Tex. App.—Tyler 2019, pet. denied) (citing *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.)). The briefing requirements are "not satisfied by merely uttering brief, conclusory statements unsupported by legal citations." *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see Burton v. Prince*, 577 S.W.3d 280, 292 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

"Failure to cite legal authority or to provide substantive analysis of the legal issues presented results in waiver of the complaint." *Canton-Carter*, 271 S.W.3d at 931. We have "no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *In re A.E.*, 580 S.W.3d at 219 (citing *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.)); *see Horton*, 591 S.W.3d at 570 ("Courts are not required to comb through the record to find evidence to support a party's appellate issues . . . ."). To do so "would be abandoning our role as neutral adjudicators and become an advocate for that party." *In re A.E.*, 580 S.W.3d at 219.

## B.    Analysis

In her second amended brief, M.R.C. presents three issues for this Court's consideration: (1) the trial court committed reversible error by refusing to allow M.R.C. to present evidence; (2) the trial court committed reversible error by granting D.K.S. both an offset and credit for his child support arrears; and (3) the evidence supporting D.K.S.'s request for attorney's fees was insufficient to support the awarded fees. The entirety of

M.R.C.'s argument section of her brief consists of just over one page of writing for all three issues. M.R.C. failed to set out any applicable standards of review, failed to discuss the factual and legal bases of the trial court's actions, cited to no applicable rules or statutes, and only cited one case for one issue but providing minimal discussion on the application and effect of the cited authority to the facts and outcome of the present case.[6][7] *See* TEX. R. APP. P. 38.1(i); *Canton-Carter*, 271 S.W.3d at 931. Importantly, M.R.C. failed to discuss what outcome was appropriate under the facts and sole cited case, such as: what credit, if any, should have been applied to D.K.S.'s arrears or whether this Court should have rendered judgment in a certain amount or remand this case for further consideration. *See* TEX. R. APP. P. 38.1(i); *Canton-Carter*, 271 S.W.3d at 931.

To fully consider M.R.C.'s stated issues on appeal, this Court would need to "stray from our role as a neutral adjudicator and become an advocate for appellant," crafting what we believe her argument could or should have been and make a conclusion based on our own argument. *See Canton-Carter*, 271 S.W.3d at 931; *see also In re A.E.*, 580 S.W.3d at 219. Given the substantively deficient nature of M.R.C.'s briefing, we conclude

---

[6] M.R.C.'s cited authority discusses the distinction between an "offset" and "affirmative reimbursement." *See In re A.M.*, 192 S.W.3d 570, 573–74 (Tex. 2006). An "offset" of child support is a reduction of arrears for unpaid support for a period that a parent provided actual support for a child, while an "affirmative reimbursement" returns amounts paid as child support while the parent also provided actual support. *See id.* at 574. "Credit" and "offset" appear to be used interchangeably, thus it is not entirely clear what M.R.C. argues the distinction between a credit and offset is. Further, it is not clear from the record that D.K.S. received two forms of recovery.

[7] On March 31, 2021, M.R.C. filed her original brief with this Court. On April 1, 2021, the Clerk of this Court notified M.R.C. that her brief did not comply with Texas Rules of Appellate Procedure 9.1, 9.4(h), 9.4(j)(1), 9.4(j)(4), 38.1(b), 38.1(h), and 38.1(k). *See* TEX. R. APP. P. Procedure 9.1, 9.4(h), 9.4(j)(1), 9.4(j)(4), 38.1(b), 38.1(h), 38.1(k). On April 13, 2021, M.R.C. filed her first amended brief. On April 15, 2021, the Clerk of this Court notified M.R.C. that "the brief fails to comply with [Texas Rule of Appellate Procedure] 38.1(i) because the argument does not contain citations to the authorities and the record." *See id.* 38.1(i).

that M.R.C. has waived each issue for appellate review. *See Canton-Carter*, 271 S.W.3d at 931; *Valadez*, 238 S.W.3d at 845. M.R.C.'s three issues are overruled.

### III. CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Delivered and filed on the
23rd day of June, 2022.

8